DREW, Justice.
This appeal is from a final judgment in favor of the appellee, who as plaintiff in the trial court brought an action to recover a broker’s commission alleged to be due him. The claim was set up in two counts. In the first count, the broker claimed that the defendant Salvey, as seller, owed him a five per cent commission of $11,250, plus interest, for procuring a purchaser of Sal-vey’s Miami Beach property sold to Robert Gould for $225,000. In a second count the broker alleged that the seller Salvey and the defendant buyer, Gould, fraudulently conspired to deprive him of his commission. While the suit was pending the defendant Salvey died and his personal representative was substituted as party defendant.
At the trial before a jury the court directed a verdict in favor of the defendants ■on the count two which alleged fraud. On count one the jury returned a verdict for plaintiff for the commission plus interest.
From the final judgment the personal representative of the deceased seller has brought this appeal contending, among other things, that the court erred in failing to grant his motion for a directed verdict as to count one.
The facts stated most favorable for the plaintiff broker are as follows: In June, 1950 the seller Salvey gave to the broker on oral listing of his 150 feet of Miami Beach waterfront property to be sold at $1,500 per front foot net to him. The *786 broker obtained from the buyer Gould an offer of $1,400 per front foot for 100 feet of the property, together with a $14,000 deposit made with the broker. Because of the seller’s absence, this offer was not transmitted by the broker to the seller until about Thanksgiving, 1950. At that time Salvey rejected the offer and insisted upon his original net price of $1,500 per foot for the 150 feet. From October, 1950 through March, 1951 the buyer Gould repeatedly requested return from the broker of his deposit money. The broker had used the funds for purposes of his own and over this period of time was able to return only about $10,000. In April, 1951, a suit for the balance of the deposit money was instituted by the buyer against the broker. In June, 1951, the seller and the buyer, between themselves, effected a sale of the property whereby the buyer paid to the seller $1,500 per front foot for 100 feet of the property.
Nowhere in the record is there any suggestion that at any time after Thanksgiving, 1950 the broker contacted the seller with reference to the sale of the property or did anything to indicate to the seller that the broker considered the oral contract in effect. It is quite apparent from the record that during this period of time, or at least the greater part of it, the broker could not have consummated the contract because of his appropriation of the funds of his principal.
The facts in this case show a sale eventually consummated on terms entirely different from those of the original listing and at a time more than one year thereafter and' more than six months after rejection by the seller of an offer different from the listing contract. Throughout this period there is no showing of negotiations, continuous or otherwise, conducted by the broker between the seller and the prospective purchaser.
Without deciding whether the broker’s conduct with reference to the deposit money was such as to prevent the recovery of the commission, we note that material facts in this case are almost identical to those in Shuler v. Allen, Fla., 1955, 76 So.2d 879, which is controlling here. On the authority of that case and the cases cited therein, we hold that it was error to deny the seller’s motion for a directed verdict. The judgment is vacated and set aside with directions to enter one for the defendant seller.
Reversed.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.