## STAPLES v. SCHONFIELD.

Circuit Court, Dade County, Civil Appeal.

February 7, 1955.

Henry L. Oppenborn and Paul C. Ropes, both of Miami, for appellant.

Charles H. Spooner, Robertson & McLeod, Coral Gables, for appellee.

STANLEY MILLEDGE, Circuit Judge.

I think that the directed verdict was correct. The instrument sued on is not, in my opinion, a contract granting an exclusive right to sell, it is a mere appointment of an agent revocable at will. A listing, exclusive or not, can become a contract upon being acted on by the broker and a purchaser produced or a sale made.

In the instrument sued on the plaintiff does not pay anything nor does he promise to do anything. The instrument recited no consideration and the record suggests no proof of a consideration. In Flynn v. McGinty (Fla.), 61 So. 2d 318, the broker promised to "endeavor to produce a purchaser."

The defendant cites Flinders v. Hunter (Utah), 208 Pac. 526, which is in point and quite persuasive.

The judgment is affirmed.