PEARSON, Judge.
The appellant, John V. Deegan, is a real estate broker. He brought suit at common law in the circuit court for money which he claimed to be due him from the appellee-defendant, Sidney Martin. Deegan alleged that he had been the selling agent of certain property purchased by Martin, and that subsequent to the purchase, he assigned to Martin $5,000 due upon his commission in return for which Martin orally agreed to give him an exclusive listing upon the land purchased. It is further alleged that Martin thereafter sold a portion of said land and refused to pay the brokerage of 10% claimed by Deegan under the oral agreement. In a second count Deegan set forth the same general circumstances but alleged that the $5,000 was a loan, and that in consideration of the loan and services rendered by Deegan, Martin orally contracted to “give the plaintiff an exclusive listing of said land for resale.”
To the complaint above described Martin filed an answer in which he denied all the allegations except admitting he sold a part of the land involved for $110,000. After taking the deposition of Deegan, Martin moved for summary judgment. The only other item of proof upon the motion was an *648 aflldavit of Deegan himself filed in opposition to the motion. The court entered a summary judgment for the defendant, and this appeal followed. We hold that the de- . fendant was not entitled to a summary judgment upon the facts which appeared without issue from the pleadings, deposition and affidavit.
All three of the documents considered by • the trial judge at the time of the entry of the summary judgment were, statements by the plaintiff, Deegan. The first of these was the complaint; the second was his deposition; the third was his affidavit. It has been held that where there is a conflict between the testimony of a party on deposition and a self-serving affidavit given by the party, then the affidavit will not serve to create an issue. Ellison v. Anderson, Fla. 1954, 74 So.2d 680; Kramer v. Landau, Fla.App.1959, 113 So.2d 756.
The appellant urges that inasmuch as each count of the complaint refers to “an exclusive listing”, and since it affirmatively appears that Martin, the owner, made the second sale without an agent that, therefore, under the laws as enunciated by the Supreme Court of Florida in Flynn v. McGinty, Fla.1952, 61 So.2d 318, the appellant cannot recover. If the plaintiff is strictly bound by the legal meaning of the terms employed in his complaint then the appellee is correct in his contention.
Deegan urges that the facts, as revealed by his deposition and his affidavit, are such that he is not limited to the strict meaning of an “exclusive listing”. He claims that the facts establish that he has a right of action either upon an exclusive right of sale or upon the debt of $5,000 to be repaid from a fund to accrue in the future, which has now been realized.
An examination of the record, particularly the testimony of Deegan as set forth in his deposition, reveals that the dealings surrounding the claimed exclusive right to sell were entirely oral and Deegan is vague and indefinite as to the particulars. It further appears that there “is no other evidence available by which the alleged promise can be made certain and definite. Therefore, as a matter of law, it can be said that an exclusive right to sell did not exist, because proof of such a right "must be definite and clear. Flynn v. McGinty, supra; South Florida Farms Co. v. Stevenson, 84 Fla. 235, 93 So. 247, 253, 254.
There is however a definite allegation of the transfer of $5,000 from Deegan to Martin. In count one the payment is pleaded as consideration for an exclusive listing. In count two it is alleged to have been a loan, and the loan is said to be a part of the consideration for an exclusive listing. The defendant has denied the advance of the $5,000 by a general denial in his answer but in no other fashion. Under these circumstances there is genuine issue of a material fact as to whether the $5,000 was advanced, and if it was advanced, as to the terms and conditions upon which it was to be repaid.
' The appellee rightfully urges that the question of the existence of a possible $5,-000 indebtedness is not material to the right to recover the alleged $11,000 indebtedness. Upon the other hand the existence of the issue concerning the advance of the $5,000 presents a triable issue which by amendment could be the basis for a recovery in this cause. We therefore hold that the ends of justice are served by returning the cause to the trial judge with directions to set aside the summary judgment appealed and enter a summary judgment in part pursuant to rule 1.36(d), Florida Rules of Civil Procedure, 30 F.S.A., and to grant to the plaintiff the right to amend upon such terms as the court shall find just.
Affirmed in part, reversed in part and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.