215 So.2d 17 (1968)
COMMUNITY CABLECASTING CORPORATION, a Florida Corporation, and Okaloosa TV Cable Company, Inc., a Florida Corporation, Appellants,
v.
DANIELS & ASSOCIATES, INC., a Corporation, Appellee.
No. J-428.
District Court of Appeal of Florida. First District.
September 19, 1968.
Rehearing Denied November 15, 1968.
*18 Fisher & Hepner, and Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, for appellants.
Estergren, Fleet & Fortune, Fort Walton Beach, for appellee.
WIGGINTON, Chief Judge.
Defendants appeal a summary final judgment against them based in part upon a jury verdict by which plaintiff was awarded a brokerage commission on the sale to Community Cablecasting Corporation of the entire assets of Okaloosa TV Cable Company.
Appellee, Daniels & Associates, Inc., instituted this action pursuant to F.S. Chapter 87, F.S.A., by which it sought a judicial declaration of its rights under a brokerage contract entered into between it and Okaloosa. By the terms of the contract Daniels was appointed exclusive agent for a period of sixty days to negotiate for and sell the assets of Okaloosa for a stipulated sale price, its commission to be paid by the purchaser. During the operative period of the contract, and while Daniels was engaged in negotiations with a prospective purchaser for a sale to it of Okaloosa's assets, the latter entered into an agreement with Community Cablecasting Corporation agreeing to sell it the assets of its company. Community was fully informed and well aware of Daniels' exclusive brokerage contract, but it nevertheless proceeded with its proposal to purchase from Okaloosa, arranging to postdate its contract and delay the closing of its purchase until after the sixty day term of Daniels' contract expired. Upon learning of the sale to Community, Daniels made demand upon both it and Okaloosa for payment of its agreed brokerage commission, which demand was refused and this suit followed.
Appellants contend that the brokerage contract between Daniels and Okaloosa was nothing more than an exclusive agency contract under the terms of which Okaloosa was precluded only from selling its assets through another broker. They contend that the legal effect of the contract permitted Okaloosa as owner to sell its property direct to Community without incurring any liability to Daniels for payment of a brokerage commission. It is agreed that Daniels was not the procuring cause of Community entering into negotiations with or purchasing from Okaloosa its corporate assets. In support of their position appellants rely upon the decision rendered by the Second District Court of Appeal in *19 Nicholas v. Bursley.[1] This case involved a claim by a broker for a commission pursuant to the terms of an exclusive brokerage contract. The contract granted the broker the exclusive right and authority to sell the owner's property for a stated price. It further provided that the broker would receive his stipulated commission whether the purchaser was found by him or by any other broker. The court held that the contract was merely an exclusive agency or listing contract which insured to the broker payment of his commission in the event of a sale either by him or through any other broker, but did not obligate the owner to pay his commission if the owner sold to one not procured by the broker. In that decision the court said:
"The cases seem to agree that when an `exclusive agency to sell' real estate for a stated commission is given, the exclusive right to sell not being clearly given, the owner himself has still the right to make a sale independent of the agent, and in such case will not be liable to the agent for commissions unless he sells to a purchaser procured by the agent. This reserved right on the part of the owner is an implied condition of the agency, subject to which the agent accepts it, and, as his commission is payable only in case of his success in finding a purchaser, the agent takes his chances of the owner himself making a sale. Thus, an `exclusive agency to sell' merely prohibits the placing of the property for sale in the hands of any other agent, but does not prohibit the sale of the property by the owner himself."
Appellee asserts, and we agree that the brokerage contract between Daniels and Okaloosa contains much broader protection to the broker insofar as concerns his entitlement to a commission than did the contract sued upon in Nicholas v. Bursley, supra. The contract in the case sub judice appoints the broker, Daniels, the exclusive agent of the owner to negotiate for and sell the assets of Okaloosa for a stated price. It further provides that during the life of the contract Okaloosa will deal exclusively through Daniels; it will not offer to sell its assets, either directly or through any other agency; and, all negotiations for sale, and inquiries regarding sale, will be referred by Okaloosa to Daniels. The contract contains an addendum which excludes Daniels from the right to a commission on any sale made by Okaloosa to General Electric Corporation within one year from the date of the contract. This contract is of the type which has been categorized by the courts of Florida as an exclusive right of sale contract. Under a contract such as this, the broker is entitled to be paid his stipulated commission on any sale made during the operative term of his contract irrespective of whether he, the owner, or some third party is the procuring cause of the sale.
The case of Flynn v. McGinty[2] involved a claim to a commission by a broker under the terms of a contract containing provisions of a legal import analogous in all material respects to those found in the case sub judice. In holding that the broker was entitled to the agreed commission even though the owner sold the property to a person neither known to nor procured by the broker, the Supreme Court quoted with approval from the decision of Baker v. Skipworth[3] as follows:
"`We are of the opinion that the disposition of this case is controlled by a well settled principle. A clear distinction is drawn between the appointment of a broker as an "exclusive agent to sell" and the granting to him the "exclusive right to sell." In the former contract, the owner does not surrender his own right to sell the property and in the event he does so, is under no obligation to pay a commission *20 to the broker. In the latter case, the broker is entitled to his commission if owner makes sale during the life of the contract. This distinction seems to be valid, based on sound reasoning and is abundantly supported by the authorities. In fact we find no case asserting a contrary rule.'"
If it was not the intent of the parties that Daniels would be entitled to a commission on any sale of the corporate assets made during the term of its contract regardless of who the procuring cause of the sale may be, then it would not have been necessary to include as addendum to the contract the provision which excluded Daniels from a commission on any sale which might have been made to General Electric within one year from the date of the contract. The inclusion of this addendum in the contract manifests a clear intent that Daniels was granted an exclusive right to sell Okaloosa's assets as distinguished from an exclusive agency contract authorizing it to find a purchaser for the property and be entitled to a commission only if it was the procuring cause of the sale or if the sale was made through another broker.
Appellant, Community, contends that the trial court erred in denying its motion for judgment for failure of Daniels to either allege or prove a cause of action against it. While appellee's amended complaint is not a model pleading, we are of the view that it sufficiently charged Community with tortious interference with Daniels' advantageous business relations with Okaloosa to state a cause of action against it. Any weakness in its allegations was cured when the issue raised thereby was tried with the express or implied consent of the parties as permitted by the rule.[4] The evidence establishes that Community was made aware of Daniels' exclusive brokerage contract with Okaloosa. Despite this, Community nevertheless ignored that relationship in its dealings with Okaloosa, and not only postdated its contract of purchase but delayed the closing until after expiration of the Daniels contract for the admitted purpose of avoiding payment of the brokerage commission. By its verdict the jury found that Okaloosa had violated its contract with Daniels when it consummated a sale of its assets to Community, and that the latter had knowledge of Daniels' exclusive right to sell when it negotiated and consummated its purchase price with Okaloosa. Under these circumstances, the measure of damages suffered by Daniels was the amount of commission specified in its contract, and it was not necessary that this issue be submitted to the jury for its determination.[5]
Appellant, Community, relies on the decision of Miller v. Paradise Point Investment Corporation[6] for the proposition that no cause of action will lie in favor of a broker against a purchaser for tortious interference with the broker's favorable contract relations with the seller unless it is established that the broker was the procuring cause of the sale. In Miller, the broker was acting pursuant to an "unsigned brokerage agreement," the terms of which are not disclosed in the published opinion in that case. If the agreement constituted in law nothing more than an exclusive agency contract, then no commission would have been earned by the broker and he would have had no cause of action against the purchaser for tortious interference with his contract relations with the seller. A different result would have obtained, however, if the contract constituted in law an "exclusive right to sell" agreement such as is involved in the case sub judice. Because the decision in Miller does not recite sufficient facts from which a determination may be made as to the legal import of the *21 brokerage agreement involved in that case, the decision cannot be considered as authority in support of appellant's position here.
We have carefully considered the remaining points urged by appellants for reversal but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and SPECTOR, JJ., concur.
NOTES
[1] Nicholas v. Bursley (Fla.App. 1960), 119 So.2d 722, 727, 88 A.L.R.2d 929.
[2] Flynn v. McGinty (Fla. 1952) 61 So.2d 318, 320.
[3] Baker v. Skipworth (Tex.Civ.App. 1951), 244 S.W.2d 299, 300.
[4] Rule 1.190(b), R.C.P., 30 F.S.A.
[5] Mead Corporation v. Mason (Fla.App. 1966), 191 So.2d 592; Flynn v. McGinty, supra note 2.
[6] Miller v. Paradise Point Investment Corporation (Fla.App. 1967), 205 So.2d 352.