257 So.2d 573 (1971)
Don D. WILKINS et al., Appellants,
v.
W.B. TILTON REAL ESTATE AND INSURANCE, INC., Appellee.
No. 71-411.
District Court of Appeal of Florida, Fourth District.
December 10, 1971.
Rehearing Denied February 29, 1972.
*574 Malcolm Anderson, P.A., West Palm Beach, for appellants.
C.N. Tilton, of Scott & Tilton, Jensen Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment in favor of the plaintiff-broker who had brought an action to recover a broker's commission alleged to be due him from the defendant-seller.
From our review of the evidence in the record we are of the opinion that the defendant has carried the burden of demonstrating that the judgment of the trial court is erroneous.
The evidence in the record reflects that the broker was not the procuring cause of the sale; that the seller had been negotiating with the buyer prior to the time that the buyer sought the services of the broker.
As a general rule, to entitle a broker to his commission he must accomplish what he undertook to do in his contract of employment, i.e., the broker must either find or procure a purchaser or the broker must effect a sale of such property. 5 Fla.Jur., Brokers, § 41, et seq. Whether a broker is a procuring cause or has effected the sale depends upon the circumstances surrounding the particular transaction; and in order to recover it is incumbent upon the broker to prove by a preponderance of the evidence that he fully performed in accordance with the terms of his employment. Salter v. Knowles, Fla.App. 1957, 97 So.2d 138.
*575 In the case sub judice the seller orally listed his property with the broker to be sold for the specified sum of $75,000.00; there was no time limit agreed upon as to the length of such listing nor does the record indicate whether such oral listing was an "exclusive agency to sell" or "an exclusive right to sell". The distinction between these brokerages is fully discussed in Nicholas v. Bursley, Fla.App. 1960, 119 So.2d 722. Briefly stated, an "exclusive right to sell" divests the owner of his inherent right to dispose of his property, whereas an "exclusive agency to sell" merely prohibits the placing of the property for sale in the hands of any other agent but does not prohibit the sale of the property by the owner himself. Unless the employment contract or the circumstances surrounding an oral arrangement is unequivocal as to the granting of an "exclusive right to sell" such an exclusive right to sell does not exist and the owner may make a sale himself without becoming liable for commissions to the broker. Nicholas v. Bursley, supra, and Deegan v. Martin, Fla.App. 1960, 118 So.2d 647.
In the case sub judice the seller's oral listing with the broker was, at the most, the granting of an "exclusive agency to sell" at a specified price. The seller, therefore, retained the right to sell his own property to a buyer procured by him. The fact that no time period was orally specified for the listing does not give rise to a "brokerage in perpetuity"; instead such an unspecified listing must be construed to be "for a reasonable time" to be determined by the circumstances of the particular case. Shuler v. Allen, Fla. 1955, 76 So.2d 879.
Although the record reflects that the buyer sought the services of the broker in an effort to purchase the property and the broker did submit to the seller an offer by the buyer which was rejected by the seller, nevertheless, the evidence reflects that the buyer in question was a property owner adjacent to the seller and had made several offers to purchase the subject property prior to the time the broker entered the picture. This would seemingly negate any contention that the broker was the procuring cause; however, even if we were to assume that the broker brought the parties together there is sufficient evidence in the record to reflect that the broker had abandoned his efforts in connection with the sale of the subject property to the buyer. After having submitted the buyer's offer to the seller there was no further contact between the broker and the seller for almost a two-year period. As the record reflects, the seller sold his property to the buyer approximately nineteen months after the broker had submitted the buyer's earlier offer; and it was only when the broker brought another prospective purchaser to the subject property that he learned that the seller had effected a sale. There having been no showing of negotiations, continuous or otherwise, by the broker between the seller and the ultimate buyer, the seller had a right to assume that the broker had abandoned his efforts in connection with the sale of this property to the ultimate buyer. Burbridge v. Berk, Fla. 1955, 77 So.2d 785. The mere fact that the broker had advertised the property for sale and continued to show it to prospective purchasers does not negate an abandonment or give rise to the continuous negotiations necessary to entitle the broker to a commission from the sale in question. As was stated in Shuler v. Allen, supra, 76 So.2d at p. 882:
"`If the broker voluntarily abandons his efforts, once begun, to find a purchaser for property, or fails to find one within a reasonable time, all without the fault of the owner, then his contract of employment is at an end, and thereafter the owner is at liberty to sell the property to any one, including the purchaser first found by the broker, either by means of negotiations directly with the purchaser or through the medium of another broker.'" (Emphasis added.)
In summary we conclude that the broker failed to prove by a preponderance of the *576 evidence that he was either the procuring cause of the sale or that he effected the sale. On the contrary the evidence discloses that the seller had been negotiating with the buyer prior to the time the seller orally listed the property with the broker and prior to the time that the buyer contacted the broker. Regardless of the efficacy of the broker's initial participation the evidence discloses that the broker had conducted no continuous negotiations between the seller and buyer so that the seller had the right to assume that the broker had abandoned his efforts in connection with the sale and the seller was at liberty to sell the property without incurring liability to the broker.
Accordingly, the final judgment is reversed.
CROSS, OWEN and MAGER, JJ., concur.