385 So.2d 1093 (1980)
LAW REALTY, INC., a Florida Corporation, Appellant,
v.
John A. PAGLIARULO and Albert Pica, Appellees.
No. 79-1918.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
On Rehearing July 30, 1980.
Phillip T. Crenshaw of Crenshaw & Crenshaw, P.A., Lake Worth, for appellant.
Bruce Zeidel, West Palm Beach, and Thomas J. Woolley, Jr., Boynton Beach, for appellees.
LETTS, Chief Judge.
A real estate broker here appeals the trial court's directed verdict in favor of a house owner denying a real estate commission on the grounds that the listing agreement did not constitute an exclusive right to sell. We reverse.
The "Listing Agreement" provided inter alia:
1... . I hereby give you for a period of 6 months from this date the exclusive right and authority to sell... .
* * * * * *
5. In consideration of the above, I agree:
A. To refer to you all inquiries of Realtors or others interested in my property. (emphasis supplied)
*1094 Despite the above, the owner sold the house himself within the six month period and did not pay any brokerage. Nonetheless the trial court denied the broker a commission basing the directed verdict on the authority of a Second District case, Nicholas v. Bursley, 119 So.2d 722 (Fla. 2d DCA 1960).
In Nicholas v. Bursley the court found the language there employed in the listing agreement to be ambiguous and that, therefore, the broker who had drawn it up did not have an "exclusive right to sell" but only had an "exclusive agency." The court went on to correctly reason that under an exclusive agency the owner can sell the property himself without incurring liability for a real estate commission.
It is not necessary for us to agree or disagree with the remainder of the reasoning in Nicholas v. Bursley, because in addition to nearly identical language in the listing agreement in that case and the one now before us, there is, in the instant case, other language agreeing to refer all others interested in the property to the broker during the six month period. It goes without saying that anyone who actually purchased the house would have to be another interested in it. See Community Cablecasting Corp. v. Daniels & Assoc., Inc., 215 So.2d 17 (Fla. 1st DCA 1968).
We have sympathy with the owner's view that if the broker had nothing to do with the sale, he should not get a commission. Yet the language of the listing agreement signed by the owner is clear and unambiguous and we hold it to be an exclusive right of sale agreement.
The cause is reversed and remanded in accordance herewith so that the house owner may present any defense which are properly before the trial court.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.