PER CURIAM.
At the time of the sale of a motel, the purchaser and seller entered into a contract which, among other things, provided as follows:
“Purchaser agrees to pay any and all real estate commissions which might be due as a result of this transaction and further agrees to indemnify Seller and/or its agents against any claims for commissions whether rightfully or wrongfully asserted and all costs and expenses thereof, including attorney’s *724 fees, which may come about by reason of Seller having to defend himself against such claims ...”
Thereafter, a broker brought an action against the appellant, the seller’s attorney, seeking damages for tortious interference with his brokerage commission agreement. The attorney tendered the defense to the purchaser, who declined to defend. Thereafter, the attorney filed the instant action in the trial court seeking a declaration that he was entitled to a defense from the purchaser. The ultimate complaint was met with a motion to dismiss. Before this was decided, a motion for summary judgment was made by the defendant and granted. This appeal ensued. We reverse.
Even though the underlying charge against the attorney was tortious interference with an alleged brokerage agreement, the damages recoverable, if any, would be the amount of the commission. Community Cablecasting Corporation v. Daniels & Associates, Inc., 215 So.2d 17 (Fla. 1st DCA 1968); Mead Corporation v. Mason, 191 So.2d 592 (Fla. 3d DCA 1966).
The initial complaint indicated that the appellant was the attorney of the seller and he is entitled to the benefits of the indemnification agreement.[1] Therefore the summary judgment under review be and the same is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.

. The initial complaint referred to the appellant as attorney for the seller. A subsequent complaint deleted this language, however the allegations of the original complaint controlled as to whether or not a defendant is entitled to a defense under an indemnification agreement. Compare New Amsterdam Casualty Company v. Knowles, 95 So.2d 413 (Fla.1957); Accredited Bond Agencies, Inc. v. Gulf Insurance Company, 352 So.2d 1252 (Fla. 1st DCA 1977); Tennessee Corporation v. Lamb Brothers Construction Company, 265 So.2d 533 (Fla. 2d DCA 1972).