CAMPBELL, Judge.
In this appeal, appellant seeks review of the trial court’s final judgment following a jury trial. Appellee[1] sought to recover a real estate broker’s commission. This is the second appeal in this case. In the initial proceedings, both parties moved for summary judgment at the conclusion of discovery. The court granted appellee’s motion and appellant appealed. We reversed and remanded for a full trial on the merits. Richland Grove & Cattle Co. v. Easterling, 460 So.2d 591 (Fla. 2d DCA 1984). On remand, the jury also found for appellee, and appellant again appeals.
Each party argued in the first appeal that the trial court should have entered summary judgment as a matter of law in its favor based on the facts revealed by discovery. Those facts were essentially the same as those developed before the jury on remand. In entering the summary judgment for appellee, the trial court found as a matter of law that the parties had an oral employment contract wherein appellant had promised to pay a real estate commission to appellee if he produced a purchaser for appellant’s property. The trial court further found as a matter of law that appellee had not abandoned the oral contract and that appellee had procured the subsequent sale of the property.
In the initial appeal, appellant relied on Shuler v. Allen, 76 So.2d 879 (Fla.1955), and asserted that the trial court should have found as a matter of law that appellee abandoned his contract of employment by not performing within a “reasonable time.”
The facts of the instant case show that C. Wynn O’Berry, president and principal stockholder of the appellant corporation, and appellee had been personal friends for some twenty-three years. In late 1979, appellant, through O’Berry, listed the property in question, a citrus grove, with appellee for sale. The listing was an open, verbal listing and was neither “an exclusive agency to sell” nor “an exclusive right to sell.” Appellee, sometime in 1980, produced a prospective purchaser who submitted an offer to appellant that was based on the previously listed interest rate of ten percent. Because interest rates had increased since appellant had listed the property, he *453 rejected the offer and demanded thirteen percent. The prospective purchaser refused the change and the prospective sale fell through in November, 1980. Thereafter, while appellee and O’Berry remained personal friends and had contact nearly every week, there was no further contact specifically regarding the property until May, 1983. Appellee did testify that he had advertised the property for sale and had received inquiries concerning the property in the interim.
The question of whether appellee procured the ultimate sale of the property is not an issue in this appeal. Appellant raises only two issues, both concerning the question of appellee’s abandonment of the contract of employment. The first issue is whether the trial court erred when it denied appellant’s motion for a directed verdict on the issue of abandonment by appel-lee. The second issue is whether the trial court erred when it failed to give appellant’s requested jury instruction regarding abandonment. We hold that the trial court did not err with regard to either issue.
It is undisputed that the parties entered into a contract. The only dispute is whether, due to the lapse of a reasonable amount of time, the contract was abandoned by appellee as a matter of law. Important in our determination of this matter is the fact that the contract between the parties was an open, verbal listing and not “an exclusive agency to sell” or “an exclusive right to sell.” Since neither party asserted that the oral contract had an express termination date, appellant urges that Shuler required the trial court to determine as a matter of law that the contract had been abandoned by appellee for failure to perform within a “reasonable time.” Appel-lee, on the other hand, argues that, in this case, the question of appellee’s alleged abandonment of the contract was a factual question for the jury to determine and that the jury determined it in appellee’s favor. We agree.
In finding that the question of appellee’s abandonment of the contract was a question for the jury, we adhere to the requirements of Shuler. However, one of the express holdings in that case causes us concern. While Shuler concerned an oral contract without an express termination date, the Shuler opinion does not reveal whether the employment contract there was an “open” listing, as was the contract here, or an exclusive right to sell. The Shuler court held that the law is “well-settled” that where a contract of employment does not contain a time within which the service is to be performed, it will be implied that the service should be performed within a reasonable time. We agree with that conclusion. However, when the Shuler court further held the question of reasonableness to be one of law where the facts are undisputed, it cited a case that involved a written contract for an exclusive right to sell. Erswell v. Ford, 205 Ala. 494, 88 So. 429 (1921).
The fact that the contract was for an exclusive right to sell appears to be critical to the court’s decision in Erswell. The court in that case asked itself: “When did this ‘exclusive right to handle the sale’ of the property terminate?” It answered its own question with the “reasonable time” standard. The court then asked: “What is a reasonable time when the parties fixed no time?” Again, the court answered its own question by stating: “It depends materially upon the nature of the duty to be performed, the relations of the parties and the peculiar circumstances of the particular case.” Erswell 88 So. at 431.
Florida courts have, in cases other than Shuler, discussed and applied the reasonable time standard when a time of performance is not specified in the contracts. Those cases, however, also dealt with exclusive rights or agencies to sell. Mark Realty, Inc. v. Rogness, 418 So.2d 373 (Fla. 5th DCA 1982); Wilkins v. W.B. Tilton Real Estate and Insurance, Inc., 257 So.2d 573 (Fla. 4th DCA 1972). Since it was not disclosed in Shuler whether or not it involved an exclusive right to sell, we are concerned whether, in a nonexclusive, open, verbal contract of employment for the sale of real estate, the Shuler rule, that the question of reasonableness is one of law where the facts are undisputed, should be applied. However, we need not reach that issue because we do not believe that the facts here are undisputed.
*454 In the initial appeal from the summary judgment, we concluded that “there had not been negated the existence of genuine issues of material fact.” It is also significant that the trial court, on remand, after appellant’s argument urging its motion for directed verdict based upon Shuler, found and held:
I think it was the Shuler v. Allen case surprised me a little bit, in that the supreme court in that case and in companion cases held that if there is no time stated in a contract of this sort, no duration stated in the contract, that the duration is a question of law unless the facts are in dispute, and then its a question of fact.
But in any event, I find that the facts are in dispute in this case. There was some testimony about continued contact and the denial of that, and I think those are the things that the jury has got to decide. I believe I have to deny both motions. (Emphasis supplied.)
We must conclude in this case, therefore, that because there is support for the trial judge’s finding that there existed disputed facts, the issue of abandonment of the contract by reason of the lapse of a reasonable amount of time was properly submitted to the jury. However, because the issue has been raised, and we consider its resolution to be of great public importance, we certify the following question to the supreme court:
WHEN A REAL ESTATE BROKER’S CONTRACT DOES NOT PROVIDE A TIME WITHIN WHICH IT IS TO BE PERFORMED, AND THE LAW IMPLIES PERFORMANCE WITHIN A REASONABLE TIME, IS THE QUESTION OF WHETHER PERFORMANCE OCCURRED WITHIN A REASONABLE TIME NORMALLY ONE OF LAW OR FACT?
Appellant’s second issue on appeal concerns the failure of the trial court to give appellant’s requested jury instruction regarding abandonment of the contract of employment. We conclude that the jury was adequately charged upon the law when it was instructed that when a contract of employment between a seller and a broker does not contain a time within which the service is to be performed, the parties intend that it shall be accomplished within a reasonable time.
Based on the foregoing, we affirm the judgment of the trial court and certify the above question to the Supreme Court of Florida.
SANDERLIN, J., concurs.
GRIMES, A.C.J., dissents with opinion.

. Following oral argument, a notice of substitution of parties was filed on behalf of appellee substituting Judy Jay Easterling, as personal representative of the Estate of Thomas A. East-erling, as appellee in place of Thomas A. Easter-ling, who died since oral argument was held. While we have substituted parties, the use of the term "appellee" in this opinion refers to Judy Jay Easterling.