GRIMES, Acting Chief Judge,
dissenting.
More than two and one half years after appellee’s last contact concerning the grove, appellant’s president, O’Berry, entered into a sales discussion with Floyd Philmon. In the course of the negotiations, Philmon told O’Berry that he had heard that the grove was for sale from his son who had been told by Yvonne Sickler, a salesperson in appellee’s office. Philmon assured him that no broker was involved in the transaction. However, before the sale was consummated, appellee confronted O’Berry asserting that because Philmon had learned of the grove through Sickler, he was entitled to a commission if the sale went through.
Apparently under appellee’s theory a nonexclusive brokerage listing remains open forever unless cancelled by one of the parties. Therefore, once the appellee served notice that he was expecting a commission, the appellant was placed in the dilemma of either refusing to sell to Phil-mon or consummating the sale and exposing itself to a claim for commission.
The principle that where a brokerage contract does not specify the time for performance, a reasonable time is inferred is not limited to exclusive listings. Geo. H. Beckmann, Inc. v. Charles H. Reid & Sons, Inc., 44 N.J.Super. 159, 130 A.2d 48 (1957); Annot., 28 A.L.R. 893 (1924); 12 Am.Jur.2d Brokers § 215 (1964); Restatement (Second) of Agency § 105 (1958). Certainly there is nothing in the supreme court’s opinion in Shuler v. Allen, 76 So.2d 879 (Fla.1955), which suggests that its holding pertained only to exclusive listings or even that the listing in that case was *455 exclusive. Obviously, there would be some circumstances in which the determination of whether a reasonable time had elapsed would be a question of fact. However, the court in Shuler concluded that seventeen months was too long and that the listing had expired as a matter of law.
In Wilkins v. W.B. Tilton Real Estate & Insurance, Inc., 257 So.2d 573 (Fla. 4th DCA 1972), the court held that even though the broker had continued to show the property, his failure to contact the owner for nineteen months constituted an abandonment of the listing contract. Therefore, the owner was free to sell to one of the broker’s earlier prospects. In reversing the judgment in favor of the broker, the court observed:
The fact that no time period was orally specified for the listing does not give rise to a “brokerage in perpetuity”; ...
257 So.2d at 575.
There is no dispute over the fact that appellee did not specifically contact appellant concerning the property from November of 1980 until May of 1983. Therefore, appellee’s listing had expired as a matter of law. Such efforts as he may have made thereafter amounted to no more than those of a volunteer. Appellant was entitled to sell the grove without the payment of a commission.
I respectfully dissent.