STONE, Judge.
We affirm a summary judgment in favor of the defendant seller and buyers of real estate and against the appellant-broker. Although there are some disputed facts, it is clear that there is no evidence refuting the defendants’ proof that:
(1) The broker had no listing on the property, although at an earlier time it did have an open listing which was cancelled.
(2) The broker told the buyer, when the buyer inquired, that:
(a) the property was off the market and
(b) it no longer had a listing
(3) The seller also told the buyer, in response to the buyer’s inquiry several months prior to the buyer’s negotiation with the seller, that the property was not for sale.
(4) There was no evidence of collusion.
(5) At no time did the broker ever advise the seller that it had furnished any information to the buyers, nor had broker given the buyers name or identity to the sellers or otherwise alerted the seller, prior to the sale, that there was any connection between the broker and the buyer.
In short, there was a lack of proof as to an essential element on each of appellant’s theories. Cf. Richland Grove & Cattle Co., Inc. v. Easterling, 526 So.2d 685 (Fla.1988); Shuler v. Allen, 76 So.2d 879 (Fla.1955); Edwards v. Brandon Realty, Inc., 497 So.2d 269 (Fla. 2d DCA 1986).
LETTS and POLEN, JJ„ concur.