743 So.2d 1230 (1999)
Kenneth DAWSON, et al., Appellants,
v.
Doyle HADDEN, etc., Appellee.
No. 98-1994.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
*1231 Thomas C. Jennings, III of Repka & Jennings, P.A., Clearwater, for Appellants.
Albert R. Cook, of Robison, Owen & Cook, P.A., Casselberry, for Appellee.
THOMPSON, J.
Kenneth Dawson and Connecticut Broadcast Media of Gainesville, Inc. (CBM) appeal a final judgment awarding a $25,000 sales commission to Doyle Hadden. We affirm.
Hadden and CBM (hereafter collectively CBM), of which Dawson was an officer, entered an agreement under which Hadden agreed to assist CBM in locating and purchasing a radio station in return for a commission. CBM entered an agreement to purchase a radio station, but was unable to obtain financing. Instead, the purchase was made in the name of Karisma Communications, Southeast, Inc., a corporation which was wholly owned by Dawson's mother, as was CBM. The active officer of both Karisma and CBM was Dawson. CBM admitted by way of answers to interrogatories that CBM and the seller entered an asset purchase agreement, which was signed by Dawson, vice president and treasurer of CBM, that CBM assigned its rights in the asset purchase agreement to Karisma in an unwritten agreement, that CBM did not receive compensation for the assignment, that CBM applied for the transfer of the broadcast license in the name of Karisma, and that CBM paid the application filing fee for the transfer of the license from the seller to Karisma. Dawson testified that a station already owned by CBM and the newly purchased station would share some employees.
CBM contends that the judgment is erroneous as a matter of law because, although the contract gave Hadden the right to be CBM's agent, it did not give him the exclusive right to purchase on CBM's behalf. We agree that the instant case is analogous to cases making a distinction between "exclusive agency" and "exclusive right to sell" in the context of a seller's agent. Under an agreement for an exclusive right to sell, an agent is due a commission even if a buyer is found solely through the efforts of the seller. See e.g., Flynn v. McGinty, 61 So.2d 318 (Fla.1952). Where the agreement is for an exclusive right to sell, the owner is obliged to pay a commission if the property is sold during *1232 the life of the agreement. Id. Hadden argues that the agreement was for the exclusive right to purchase, and that, even if it is determined that the agreement was not for an "exclusive right to purchase" he was nevertheless entitled to a commission because he was the procuring cause of the purchase. He points out his testimony that he twice suggested to Dawson that the latter consider the station, but that both times Dawson said he was not interested. Because we conclude that the evidence supported a finding that Hadden was the procuring cause of the sale, we need not decide whether the agreement was for the "exclusive right to sell" or for an "exclusive agency."
Whether a broker is a procuring cause is a question of fact to be determined from the surrounding circumstances. Wilkins v. W.B. Tilton Real Estate & Ins., Inc., 257 So.2d 573 (Fla. 4th DCA 1971); National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., 160 So.2d 53 (Fla. 3d DCA 1964). Generally, to be the procuring cause of a sale, "a broker must show that he called the potential purchaser's attention to the property and that it was through his efforts that the sale ... was consummated." B & B Super Markets, Inc. v. Metz, 260 So.2d 529, 531 (Fla. 2d DCA 1971). If the broker locates a purchaser, inaugurates negotiations with him, and so informs the seller, he is the procuring cause and is entitled to his commission even though the seller interrupts the negotiations and sells to the purchaser at a price lower than the one which the broker was authorized to accept. Estes v. Moylan, 94 So.2d 362, 365 (Fla.1957); Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (Fla.1944); 7 Fla.Jur.2d, Brokers §§ 92, 99.
Fearick v. Smugglers Cove, Inc., 379 So.2d 400 (Fla. 2d DCA 1980). It is not essential for the broker to have been the one to physically introduce the seller and purchaser. South Pacific Enterprises Limited Partnership v. Cornerstone Realty, Inc., 672 So.2d 568 (Fla. 4th DCA) (citing Ehringer v. Brookfield & Associates, Inc., 415 So.2d 774 (Fla. 5th DCA 1982)), rev. denied, 682 So.2d 1100 (Fla.1996).
A broker who is the "procuring cause" of a sale of real property is one who initiates negotiations by doing some affirmative act to bring buyer and seller together such as placing signs on the property, promoting calls from prospective buyers, or showing the property to prospective purchasers.
Id. at 570 (quoting Ehringer).
In Sheldon Greene & Associates, Inc. v. Rosinda Investments, N. V., 475 So.2d 925 (Fla. 3d DCA 1985), rev. dismissed, Horn v. Sheldon Greene & Associates, Inc., 502 So.2d 421 (Fla.1987), the court stated:
The correct rule of law is ... that a broker, to be considered the "procuring cause" of a sale, must have brought the purchaser and seller together and effected a sale through continuous negotiations inaugurated by him unless the seller and buyer intentionally exclude the broker and thereby vitiate the need for continuous negotiations. Plainly,
"[w]hen the broker has brought the prospective parties together, they cannot complain that the broker did not participate in negotiations when they have purposely excluded the broker from these negotiations by dealing with one another directly and in secret."

First Realty Corp. of Boca Raton v. Standard Steel Treating Co., 268 So.2d 410, 413 (Fla. 4th DCA 1972).
Id. at 927.
In the instant case, the agreement between the parties required payment of a commission if, among other things, "the stock of the licensee or the assets of the Station are sold to Buyer during the term of this Agreement." Although Hadden and Dawson differed regarding whether Hadden suggested to Dawson that CBM purchase the station, the evidence supported a finding in favor of Hadden, and it was within the province of the finder of *1233 fact to judge the credibility of the witnesses.
We also think that the court correctly ruled a commission due even though it was actually Karisma, not a party to the agreement, which purchased the station. A party should not be able to avoid its contractual responsibilities to a broker by the simple expediency of making a contract through a substitute entity. See Cumberland Savings and Trust Co. v. McGriff, 61 Fla. 159, 54 So. 265 (Fla.1911) (broker entitled to commission where broker negotiated with individual, and where individual together with another party later purchased property). See also, McKay and Co. v. Garland, 17 Ark.App. 1, 701 S.W.2d 392 (1986) (broker who showed residence to ultimate owner entitled to commission where intervening buyer was straw man); Zetlin v. Scher, 241 Md. 590, 217 A.2d 266 (1966) (broker entitled to commission where evidence supported inference that person who signed contract was actually agent or straw person for real purchaser, with whose president broker had negotiated). Accordingly, we agree with the trial court that Hadden was entitled to a commission even though, because of financing needs, a substitute close corporation was used to effect the purchase.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.