997 So.2d 1271 (2009)
FISCHER-GAETA-CROMWELL, INC., Appellant,
v.
OAKWOOD STREET ENTERPRISES, LLC, a Florida limited liability company, Appellee.
No. 4D08-967.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
Ronald J. Gache and Scott A. Simon of Broad and Cassel, West Palm Beach, for appellant.
Alfred A. LaSorte, Jr. and Matthew R. Chait of Shutts & Bowen LLP, West Palm Beach, for appellee.
KLEIN, J.
Appellant, a real estate broker, brought this lawsuit for a broker's commission in connection with a lease entered into by the owner, the appellee. We conclude that the broker, as an exclusive agent, was not entitled to a commission for a transaction in which the owner leased the property without using a broker.
The building which was leased was in a condominium project and, when the owner *1272 leased the building without using a broker, the broker sued, claiming it was entitled to a commission under the following provision of the condominium declaration:

Exclusive Brokerage Listing. The exclusive agent for all Units within the Condominium shall be Fischer-Gaeta-Cromwell, Inc. ("Listing Agent") for a term of ten (10) years from the date of recording of this Declaration. During such term, as may be extended as set forth below, Listing Agent shall be the sole listing broker for all Units within the Condominium, and be entitled to payment of a commission on all sales and leases of Units within the Condominium.
The parties stipulated prior to trial that FLORIDA REAL ESTATE PRINCIPLES, PRACTICES & LAW by Linda L. Crawford, a treatise which defines terms as they are used in Florida, defined the following terms as follows:
Exclusive-agency listing. Seller gives an exclusive-agency listing to one broker who handles the transaction. The seller reserves the right to sell the property without paying a commission, unless the buyer was introduced to the property by the broker or others acting under the broker. If the broker or another person acting under the broker's authority sells the property before the seller is able to do so, the broker is entitled to a commission.
Exclusive-right-of-sale listing. The exclusive-right-of-sale (or exclusive-right-to-sell) listing is the most advantageous listing from the broker's viewpoint. The seller gives the listing to a selected broker, who then becomes the exclusive real estate agent of the owner for the sale of the property during the time the listing contract is in effect. The broker therefore is assured of a commission regardless of who sells the property. Even if the owner sells the property during the contract period, the broker is entitled to a commission.
This text is consistent with Florida cases, which hold that where a broker has the "exclusive right to sell," the broker is entitled to a commission even if the owner sells without using a broker. Where, however, the broker is an "exclusive agent," the owner retains the right to sell the property and does not owe a commission if the owner does so without using a broker. Mark Realty, Inc. v. Rogness, 418 So.2d 373, 377 (Fla. 5th DCA 1982); Wilkins v. W.B. Tilton Real Estate & Ins., Inc., 257 So.2d 573, 575 (Fla. 4th DCA 1971).
We agree with the trial court that the language used in the Declaration, which was drafted by the broker, did not require that the owner pay a commission under these facts.
Affirmed.
FARMER and DAMOORGIAN, JJ., concur.